## IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA

STEWART RICHARD LAUER

Plaintiff,

vs.  Case No.: 53-2010 CA-03792-0000-00
 Sec: 15

SCOTT LOWERY LAW OFFICE, P.C.

Defendant,
_____/

### COMPLAINT

**COME NOW** the Plaintiff, STEWART RICHARD LAUER, by and through his undersigned counsel, and files this complaint against Defendant, SCOTT LOWERY LAW OFFICE, P.C. and states as follows:

1. This is a complaint for damages which is in excess of $15,000.00.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter referred to as "FDCPA") and out of the invasion of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

### PARTIES

3. Plaintiff, STEWART RICHARD LAUER (hereinafter "Plaintiff") is a natural person who is a resident of Polk County, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, SCOTT LOWERY LAW OFFICE, P.C., (hereinafter "Defendant") is a foreign corporation that engages in the business of debt collection. Defendant conducts business in the State of Florida. Defendant's principal place of business is in the State of

Colorado and it is incorporated in the State of Colorado. Defendant is a "debt collector" as defined by the 15 U.S.C. §1692a(6).

5. The individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Upon information and belief, a debt was assigned, placed or otherwise transferred to Defendant for collection, and thereafter Defendant began harassing collection activities against Plaintiff.

7. The harassing collection activity on the part of Defendant against Plaintiff is as follows:

a. Wednesday, March 3, 2010; 2:38 pm. Defendant contacted Plaintiff and wanted to speak with a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, or any information that Plaintiff may have as to the whereabouts of such a person. Plaintiff informed Defendant's representative that no one by those names lived or resided at his residence, and he did not know any person by those names, or the whereabouts of such person.

b. Wednesday, March 3, 2010 at 6:25 pm. Defendant contacted Plaintiff and wanted to speak with a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, or any information that Plaintiff may have as to the whereabouts of such a person. Plaintiff informed Defendant's representative that no one by those names lived or resided at his residence, and he did not know any person by those names, or the whereabouts of such person.

c. Thursday, March 4, 2010 at 6:15 pm. Defendant contacted Plaintiff and wanted to speak with a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, or any information that Plaintiff may have as to the whereabouts of such a person. Plaintiff

informed Defendant's representative that no one by those names lived or resided at his residence, and he did not know any person by those names, or the whereabouts of such person.

    d.    Friday, March 5, 2010 at 10:15 am. Defendant contacted Plaintiff and wanted to speak with a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, or any information that Plaintiff may have as to the whereabouts of such a person. Plaintiff informed Defendant's representative that no one by those names lived or resided at his residence, and he did not know any person by those names, or the whereabouts of such person.

    e.    Tuesday, March 9, 2010 at 10:13 am. Defendant contacted Plaintiff and wanted to speak with a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, or any information that Plaintiff may have as to the whereabouts of such a person. Plaintiff informed Defendant's representative that no one by those names lived or resided at his residence, and he did not know any person by those names, or the whereabouts of such person.

    f.    Tuesday, March 9, 2010 at 11:46 am. Defendant contacted Plaintiff and wanted to speak with a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, or any information that Plaintiff may have as to the whereabouts of such a person. During this call, Plaintiff informed Defendant's representative that Plaintiff had received several calls from Defendant and had asked Defendant's representative not to call Plaintiff again. As all previous calls, Plaintiff informed Defendant's representative that no one by those names lived or resided at his residence, and he did not know any person by those names, or the whereabouts of such person.

    g.    Wednesday, March 10, 2010 at 6:46 pm. Defendant contacted Plaintiff and wanted to speak with a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, or any information that Plaintiff may have as to the whereabouts of such a person.

During this call, Plaintiff informed Defendant's representative that Plaintiff had received several calls from Defendant and had asked Defendant's representative not to call Plaintiff again. As all previous calls, Plaintiff informed Defendant's representative that no one by those names lived or resided at his residence, and he did not know any person by those names, or the whereabouts of such person.

h.  Tuesday, March 23, 2010 at 10:47 am. Recorded message identified that the telephone call was from Scott Lowery Law Firm. The recorded message asked Plaintiff to press (1) if he was Tamara Lawler and press (2) if he was not. Plaintiff terminated the telephone communication without proceeding any further per the recorded instructions.

i.  Wednesday, March 24, 2010 at 5:19 pm. Defendant contacted Plaintiff and wanted to speak with a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, or any information that Plaintiff may have as to the whereabouts of such a person. Plaintiff asked Defendant's representative why they keep calling after Plaintiff had informed them on several occasions that that no one by those names lived or resided at his residence, and he did not know any person by those names, or the whereabouts of such person, and had repeatedly asked that Defendant to stop calling.

j.  Thursday, March 25, 2010 at 6:44 pm. Defendant contacted Plaintiff and wanted to speak with a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, or any information that Plaintiff may have as to the whereabouts of such a person. Plaintiff asked Defendant's representative why they keep calling after Plaintiff had informed them on several occasions that that no one by those names lived or resided at his residence, and he did not know any person by those names, or the whereabouts of such person, and had repeatedly asked

that Defendant to stop calling. Defendant's representative responded that she would see what she could do.

  k.  Friday, March 26, 2010 at 10:53 am. Defendant contacted Plaintiff and wanted to speak with a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, or any information that Plaintiff may have as to the whereabouts of such a person. Plaintiff asked Defendant's representative why they keep calling after Plaintiff had informed them on several occasions that that no one by those names lived or resided at his residence, and he did not know any person by those names, or the whereabouts of such person, and had repeatedly asked that Defendant to stop calling. The representative of Defendant informed Plaintiff that "he can call me any time day or night and I can't do anything about it."

  l.  Wednesday, April 7, 2010 at 2:54 pm. Recorded message identified that the telephone call was from Scott Lowery Law Firm. The recorded message asked Plaintiff to press (1) if he was Terra Jane Lauer and press (2) if he was not. Plaintiff terminated the telephone communication without proceeding any further per the recorded instructions.

  m.  Thursday, April 8, 2010. Recorded message identified that the telephone call was from Scott Lowery Law Firm. The recorded message asked Plaintiff to press (1) if he was Terra Jane Lauer and press (2) if he was not. Plaintiff terminated the telephone communication without proceeding any further per the recorded instructions.

  8.  As shown above, Defendant contacted Plaintiff and wanted to speak with a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, or to obtain location information about this individual.

  9.  As shown above, Plaintiff repeatedly told Defendant that a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer did not live at Plaintiff's

residence, that Plaintiff did not know a person using those names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, and that Plaintiff did not know the whereabouts of any person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer.

10. As shown above, Defendant has continued the harassing collection activities against Plaintiff even after Plaintiff has repeatedly told Defendant he does not know a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, or the whereabouts of a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer, as well as any particular knowledge about the alleged debt.

11. This harassment, as shown above, has been carried out by multiple telephone calls to Plaintiff.

12. The purpose of the calls, after the Defendant knew it had the wrong number, was to harass Plaintiff.

13. The method of harassing Plaintiff was by repeatedly calling Plaintiff's home and disturbing his privacy and peace.

14. The Defendant intentionally, willfully, and with full malice harassed, annoyed, and otherwise tried to disturb the peace and privacy of Plaintiff so as to cause the Plaintiff to do something contrary to Plaintiff's interest, such as to pay the alleged consumer debt, so that Defendant would stop making harassing telephone calls to Plaintiff's residence.

15. Defendant was not calling multiple times to obtain "location information" for a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer as the FDCPA bars, such calls where for purpose of harassing, especially after the third party, Plaintiff informed Defendant that Plaintiff does not or will not give this information out. 15 U.S.C. § 1692b(3).

16. Therefore, the only reason Defendant called repeatedly to Plaintiff was to harass and annoy Plaintiff into doing some action or thing that Plaintiff was not legally liable to do, such as paying a debt he did not owe. 15 U.S.C. § 1692d.

17. As Defendant knew after being told by Plaintiff, was that Plaintiff did not know a person using the names of Tamika Lare, Tamara Lawler and/or Terra Jane Lauer and, there is no bona fide error defense and no excuse for violating state law.

18. Supposedly, this is a consumer debt which this abusive debt collector is seeking to collect.

19. The Defendant's website claims that its "number one policy is to be * . . . in compliance with the myriad of consumer protection laws such as the Fair Debt Collection Practices Act." Also that "[o]ur personnel are trained to be sensitive to the needs of consumers and to minimize aggressive collection methods. We listen to consumers and work with consumers to find a friendly resolution of the consumer's debt problem. We are committed to a policy that negotiation is as valuable a tool in resolving claims as is the filing of litigation."

20. Based upon the above noted misconduct towards Plaintiff by Defendant, the above stated policy statement of Defendant may not be true with respect to Plaintiff. Defendant's stated policy statement of sensitivity has been changed with respect to Plaintiff as one of harassment.

21. This misconduct has been, and continues to be, very distressing and upsetting to Plaintiff.

22. Plaintiff has been denied the enjoyment, peace, tranquility, and privacy of his own home due to the invasive, harassing, and abusive telephone calls from this Defendant debt collector.

23. The above-described collection communications by Defendant and collection agents of Defendant was made in violation of numerous and multiple provisions of the FDCPA.

24. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon Plaintiff's seclusion and has resulted in actual damages to Plaintiff.

25. The collection calls by Defendant and its agents caused Plaintiff stress and anguish as a result of these telephone calls.

26. Defendant's attempt to collect this debt in making telephone calls to Plaintiff and Defendant's refusal to stop violating the law was an invasion of Plaintiff's privacy and his right to be left alone.

27. Defendant's illegal abusive collection communications as more fully described above, and herein, was the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary distress.

28. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasion of personal privacy, which was due to the illegal conduct of Defendant.

**RESPONDENT SUPERIOR LIABILITY**

29. The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

30. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

31. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal Defendant.

32. Defendant is therefore liable to Plaintiff through the doctrine of Respondent Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Florida tort law, in their attempt to collect this debt.

### NEGLIGENT AND WANTON HIRING AND SUPERVISION

33. Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiffs and the damages suffered by Plaintiff.

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

36. These violations include 15 U.S.C. § 1692d (harassment or abuse), particularly 15 U.S.C. § 1692d(5) by causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the

called number and a violation of 15 U.S.C. § 1692b(3) by communicating with persons other than the consumer more than once.

37. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

a. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

b. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

c. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

d. for such other and further relief as may be just and proper.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

38. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

39. Florida law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Florida state law as described in this Complaint.

40. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of individual privacy.* 15 U.S.C. § 1692(a) (emphasis added).

41. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an *affirmative and continuing obligation* to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

42. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

43. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

44. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

45. The conduct of this Defendant and its agents, in engaging in the above described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

46. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

47. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

a. for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b. punitive damages; and

c. for such other and further relief as may be just and proper.

## COUNT III.
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

48. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

49. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

a. for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA

violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

    b.    punitive damages; and

    c.    for such other and further relief as may be just and proper.

## COUNT IV
## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

50. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

51. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

52. Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

53. It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

54. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

55. Defendant invaded the privacy of Plaintiff as set forth in Florida law.

56. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

57. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

a.   for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

b.   punitive damages; and

c.   for such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 16th day of April 2010.

DICESARE, DAVIDSON, & BARKER, P.A.

_____
Harold E. Barker, Esquire
Florida Bar #0500143
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-Mail: rbarker@ddblaw.com
Attorney for Plaintiff